**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| BARRY GRANT CONN, | : | |
| | : | Civil Action No. 08-5851 (JBS) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| KAREN BALICKI, | : | |
| Respondent. | : | |

**APPEARANCES:**

Barry Grant Conn, <u>Pro</u> <u>Se</u>
#469566/SBI 809610C
Southwoods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

Gregory Glenn Waterston, Esq.
Salem County Prosecutor's Office
Salem County Courthouse
87 Market Street
Salem, NJ 08079
Attorney for Respondent

**SIMANDLE, District Judge**

Petitioner Barry Grant Conn, a prisoner currently confined at the Southwoods State Prison, Bridgeton, New Jersey, has submitted a petition, and an amended petition, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondent is Karen Balicki, the Administrator of the Southwoods State Prison.

For the reasons stated herein, the petition must be denied.

**BACKGROUND**

A.    **Factual Background**

The relevant facts are set forth in the opinion of the

Superior Court of New Jersey, Appellate Division ("Appellate

Division").[1]

> All of the offenses for which defendant was
> sentenced involved robberies of commercial
> establishments.  In Atlantic County on September 2,
> 2002, defendant entered a Radio Shack in Hamilton
> Township and demanded money after pointing what he said
> was a "real looking" plastic gun at a female employee.
> About two weeks later defendant entered a video store
> in Hammonton, Atlantic County, and committed another
> robbery using what appeared to a "real gun."  The Salem
> County convictions involved a robbery on September 16,
> 2002, at a Holiday Inn in Carneys Point Township, again
> with what defendant said was a plastic imitation
> firearm.
>
> On November 21, 2003, in Atlantic County,
> defendant was sentenced in accordance with the
> negotiated agreement to a prison term of seventeen
> years with an eighty-five-percent parole disqualifier
> and credit of 431 days jail time.  On January 12, 2004,
> in Salem County, he received a prison term of sixteen
> years with an eighty-five-percent parole disqualifier
> under NERA concurrent with the Atlantic County
> sentences and any Michigan sentences.[2]

State v. Conn, 2007 WL 1425491 (D.N.J. App. Div. May 16, 2007) at

* 1.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding
instituted by an application for a writ of habeas corpus by a
person in custody pursuant to the judgment of a State court, a
determination of a factual issue made by a State court shall be
presumed to be correct.  The applicant shall have the burden of
rebutting the presumption of correctness by clear and convincing
evidence."

[2] Petitioner had pending charges in Michigan at the time of
sentencing.

B.     **Procedural Background**

Petitioner was charged with two indictments in Atlantic County.  Both indictments charged the same five offenses: first-degree robbery; second-degree possession of a weapon for an unlawful purpose; third-degree unlawful possession of a weapon; fourth-degree aggravated assault; and possession of a weapon by a convicted felon.

On October 30, 2003, Petitioner entered guilty pleas to two counts of armed robbery (count one of each Atlantic County indictment).  In exchange for the guilty pleas, the State recommended an aggregate sentence of seventeen years, with an 85% period of parole ineligibility pursuant to the No Early Release Act ("NERA").  The plea agreement stipulated that the sentence would run concurrent to whatever sentence Petitioner received from the Salem County pending indictment.  Petitioner also pled guilty to one count of robbery in Salem County charged in the Salem County indictment.

Petitioner was sentenced in Atlantic County on November 21, 2003, in accordance with the plea agreement.  At the time of sentencing, the court found that because the crime was committed with a pellet gun, the Graves Act applied.  N.J.S.A. 2C:43-6c.

On January 12, 2004, in Salem County, Petitioner received a prison term of sixteen years, with an 85% parole disqualifier

under NERA, to run concurrently to the Atlantic County sentences and any Michigan sentences.

Petitioner appealed.  Although counsel's motion to have the appeals of all three indictments consolidated was denied, the Appellate Division directed that the appeals be calendared back to back.  On May 16, 2007, the Appellate Division rejected Petitioner's arguments on appeal, but remanded for re-sentencing pursuant to State v. Natale, 184 N.J. 458 (2005), Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), which hold that a judge may not sentence a defendant beyond the "statutory maximum" based on non-stipulated findings of aggravating factors other than past criminal convictions.  The New Jersey Supreme Court denied certification on December 6, 2007, and the United States Supreme Court denied certiorari on October 6, 2008.

On June 2, 2007, Petitioner was resentenced in Atlantic County to the same terms as he was previously sentenced.  On June 14, 2007, Petitioner was resentenced on the Salem County indictment to the same terms as previously sentenced.  Petitioner appealed the resentence, and on November 12, 2008, the Appellate Division affirmed the resentences.

Petitioner filed this habeas petition on December 2, 2008.  Petitioner was advised of his rights pursuant to Mason v. Meyers,

208 F.3d 414 (3d Cir. 2000).  On June 29, 2009, this matter was consolidated with a second habeas petition filed by Petitioner. On August 13, 2009, Petitioner filed an amended petition. Respondent was ordered to answer, and on March 11, 2010, filed an Answer and the relevant state court record.  On April 26, 2010, Petitioner filed a reply brief.

## C.   <u>Petitioner's Claims</u>

Petitioner presents two claims for review:

1.   "Does New Jersey's definitive sentencing 2C Code which mandates <u>N.J.S.A.</u> 2C:43-7.2, a sentencing enhancement that increases all maximum terms set by judges for offenses listed within its ambit without Sixth Amendment protection, violate the Constitution?"

2.   "Did the New Jersey Supreme Court violate the Constitution in its ruling in <u>State v. Natale</u>, 148 N.J. 458 (2005), which held unconstitutional the restrictive language in the state 2C sentencing code requiring judges to sentence to "the presumptive term" and ordered its elimination, yet it remedied the violation only by ordering all defendants "in the pipeline" of its ruling exposed to resentencing to the same sentencing range?"

(Amended Petition, docket entry 4).

In particular, Petitioner argues that: (1) he was sentenced to a term of 22 years in custody, as he was sentenced to 17 years

imprisonment plus 5 years of mandatory parole, and such term is beyond the statutory range for the crime to which he pled guilty (Am. Pet., ¶ 7(a)); (2) on resentencing, the judges imposed a maximum term of 17 and 16 years, beyond the statutory maximum, without additional charges or hearings (Am. Pet., ¶ 7(b)); (3) the sentence imposed denied Petitioner mandated "comp-time" credits, rather, the state "took approximately 19% of Petitioner's sentence time that would otherwise have been awarded him as good time credits off the sentence" (Am. Pet., ¶ 7(c)); and (4) the sentence imposed did not comport to the plea agreement, as Petitioner agreed to plead guilty in exchange for a sentence of not more than 17 years; however, his term, with parole, will be 22 years (Am. Pet., ¶ 7(d)).

## 28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of,

> clearly established Federal law, as determinated
> by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on
> an unreasonable determination of the facts in
> light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J., for the Court, Part II).  A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," (although the Supreme Court expressly declined to decide the latter).  Id. at 407-09.  To be an "unreasonable application" of clearly established federal law,

the state court's application must be objectively unreasonable.
Id. at 409.  In determining whether the state court's application
of Supreme Court precedent was objectively unreasonable, a habeas
court may consider the decisions of inferior federal courts.  See
Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999).

Even a summary adjudication by the state court on the merits
of a claim is entitled to § 2254(d) deference.  See Chadwick v.
Janecka, 302 F.3d 107, 116 (3d Cir. 2002) (citing Weeks v.
Angelone, 528 U.S. 225, 237 (2000)).  With respect to claims
presented to, but unadjudicated by, the state courts, however, a
federal court may exercise pre-AEDPA independent judgment.  See
Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000),
cert. denied, 532 U.S. 924 (2001); Purnell v. Hendricks, 2000 WL
1523144, *6 n.4 (D.N.J. 2000).  See also Schoenberger v. Russell,
290 F.3d 831, 842 (6th Cir. 2002) (Moore, J., concurring) (and
cases discussed therein).

The deference required by § 2254(d) applies without regard
to whether the state court cites to Supreme Court or other
federal case law, "as long as the reasoning of the state court
does not contradict relevant Supreme Court precedent."  Priester
v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (citing Early v.
Packer, 537 U.S. 3 (2002); Woodford v. Visciotti, 537 U.S. 19
(2002)).

Although a petition for writ of habeas corpus may not be granted if the Petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies.  See 28 U.S.C. § 2254(b)(2); Lambert v. Blackwell, 387 F.3d 210, 260 n.42 (3d Cir. 2004); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierlev, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  In this case, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), this Court permitted the pro se practitioner to supplement his grounds, and the Court is considering all grounds from the original and supplemental petitions.

## DISCUSSION

A.   Sentencing Claims

This Court notes from the onset that a federal court's ability to review state sentences is limited to challenges based

9

upon "proscribed federal grounds such as being cruel and unusual,
racially or ethnically motivated, or enhanced by indigencies."
See Grecco v. O'Lone, 661 F. Supp. 408, 415 (D.N.J. 1987)
(citation omitted).  Thus, a challenge to a state court's
discretion at sentencing is not reviewable in a federal habeas
proceeding unless it violates a separate federal constitutional
limitation.  See Pringle v. Court of Common Pleas, 744 F.2d 297,
300 (3d Cir. 1984); see also 28 U.S.C. § 2254(a); Estelle v.
McGuire, 502 U.S. 62, 67 (1991); Lewis v. Jeffers, 497 U.S. 764,
780 (1990).  For example, in Gryger v. Burke, 334 U.S. 728, 731
(1948), the Supreme Court rejected Petitioner's due process
challenge to a life sentence imposed by the Pennsylvania courts.
Petitioner argued that the sentencing judge mistakenly regarded
as mandatory a sentence which was discretionary.  The Supreme
Court held:

> We are not at liberty to conjecture that the trial
> court acted under an interpretation of the state law
> different from that which we might adopt and then set
> up our own interpretation as a basis for declaring that
> due process has been denied. We cannot treat a mere
> error of state law, if one occurred, as a denial of due
> process; otherwise, every erroneous decision by a state
> court on state law would come here as a federal
> constitutional question.

Id. at 731.

Here, Petitioner was sentenced in accordance with state law
pursuant to his plea agreement.  Petitioner has not provided this

10

Court with any justification to grant habeas relief and upset the state court proceedings.

However, to address Petitioner's claims more fully, this Court notes that in Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), pursuant to the Sixth Amendment right to trial by jury, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  542 U.S. at 302 (internal quotations omitted).

Under New Jersey's Code of Criminal Justice, as in effect at the time of Petitioner's sentencing in 2003 and early 2004, a defendant could not be sentenced to a period of imprisonment greater than the presumptive term for the crime he committed, unless the judge found one or more statutory aggravating factors. See N.J.S.A. 2C:44-1(f)(1).  In State v. Natale ("Natale II"), 184 N.J. 458 (2005), the New Jersey Supreme Court evaluated the constitutionality of the New Jersey sentencing scheme in light of the Apprendi line of cases, and found:

> Our Code provisions make clear that, before any
> judicial factfinding, the maximum sentence that can be
> imposed based on a jury verdict or guilty plea is the
> presumptive term.  **Accordingly, the "statutory maximum"
> for Blakely and Booker purposes is the presumptive
> sentence**.

Natale, 184 N.J. at 484 (emphasis added).  Because the Code's

system allowed for sentencing beyond the statutory maximum

presumptive term, the New Jersey Supreme Court found the system

unconstitutional and determined that the appropriate remedy would

be to follow the lead of Booker and abolish the presumptive

terms.  "Without presumptive terms, the 'statutory maximum'

authorized by the jury verdict or the facts admitted by a

defendant at his guilty plea **is the top of the sentencing range**

**for the crime charged**, e.g., ten years for a second-degree

offense."  Natale II, 184 N.J. at 487 (citation omitted)

(emphasis added).

　　　In this case, Petitioner's case was in the direct appeal

pipeline as of the 2005 Natale II decision.[3]  Petitioner pled

---

[3]  The Court of Appeals for the Third Circuit generally has
held that the rules announced in the Apprendi line of cases are
not applicable retroactively to cases on collateral review.  See
generally United States v. Swinton, 333 F.3d 481 (3d Cir.), cert.
denied, 540 U.S. 977 (2003) (holding that Apprendi does not apply
retroactively to cases on collateral review).  Similarly, the New
Jersey Supreme Court has held that the rule it announced in
Natale II is applicable retroactively only to cases in the direct
appeal pipeline as of the date of that decision.  See Natale II,
184 N.J. at 494 (holding that "'Pipeline retroactivity'-applying
our holding to defendants with cases on direct appeal as of the
date of this decision and to those defendants who raised Blakely
claims at trial or on direct appeal-best balances principles of
fairness and repose").

guilty to first-degree robbery, punishable by a term of
imprisonment of between ten and twenty years, with a presumptive
term of fifteen years.  See N.J.S.A. 2C:15-1; N.J.S.A.
2C:44-1(f).  He was sentenced to 17 years, above the presumptive
term, but below the statutory maximum term.

Because Petitioner was not sentenced above the maximum term
allowed for first-degree robbery, and because Petitioner was
sentenced pursuant to an informed, voluntary, plea agreement, the
sentence generally will not be disturbed under Natale II.  See,
e.g., State v. Hodges, 2009 WL 857407 (N.J. App. Div. Apr. 2,
2009) at *11 (unpubl.)("Generally, because sentences were imposed
pursuant to a negotiated plea agreement in exchange for the State
dismissing numerous other charges, and defendant was fully
informed of the recommended sentences prior to the court
accepting the pleas, we would not disturb the sentences imposed
solely because they exceeded the then-presumptive term.")(citing
"Natale II", 184 N.J. at 495)(other citations omitted).

Furthermore, this Court notes that tacking on Petitioner's
five-year period of mandatory parole supervision to his 17-year
sentence does not bring the sentence over the statutory maximum
term of twenty years.  See State v. Tapia, 2009 WL 112726 (N.J.
App. Div. Jan. 20, 2009)(unpubl.)(holding that "the five-year
period of parole supervision is not combined with the sentence of
imprisonment for purposes of determining whether the sentence

satisfies <u>State v. Natale</u>"); <u>State v. Neal</u>, 2007 WL 1201659 (N.J.

App. Div. Apr. 25, 2007)(unpubl.) (finding defendant's argument

that "defendant's sentence exceeded the then-presumptive term of

fifteen years [because five years of parole supervision was added

to the twelve year base term], wherefore it must be reduced from

twelve years to ten years" without merit to warrant discussion).

Nevertheless, in this case, although the State argued on

appeal that the words "presumptive term" were not used by the

sentencing courts, the New Jersey Appellate Division was

concerned that the sentencing court's findings involved judicial

factfinding, and ordered a re-sentencing.  The Appellate Division

stated: "Given the Court's ruling in <u>Natale</u>, no reference is to

be made to a presumptive term in the re-sentencing."  See <u>State</u>

<u>v. Conn</u>, A-3765-03T4; A-6357-03T4 (App. Div. May 16,

2007)(docketed in docket entry 9 at p. 116 of 179 to p. 123 of

179).  The resentences were conducted and the reimposed sentences

were presented to the Appellate Division, which found that they

were not manifestly excessive or unduly punitive, and they did

not constitute an abuse of discretion.  <u>See</u> Order of Appellate

Division, dated November 12, 2008 (docketed at docket entry 9-1,

p. 118 of 186).

Thus, based on the record, it does not appear that the New

Jersey courts' adjudication of the sentencing claims was contrary

to, or an unreasonable application of <u>Apprendi</u>, or other Supreme

Court holdings.  Petitioner is not entitled to habeas relief.

**B.    <u>Guilty Plea</u>**

Petitioner argues that the State did not adhere to the plea

agreement.  He admits that he agreed to plead guilty in both

counties to terms not to exceed 17 years; however, he alleges

that the counties imposed a term of 22 years in Atlantic County,

and 21 years in Salem County, due to a five year period of parole

supervision after his release.  As noted by Respondent,

Petitioner did not file an objection or motion to vacate his

guilty plea before the sentencing court, nor did he file an

appeal concerning his plea.

Guilty pleas must be entered knowingly and voluntarily.  <u>See</u>

<u>Boykin v. Alabama</u>, 395 U.S. 238, 242 (1969).  The record must

show not only that a defendant was aware of his rights, but also

that he "intelligently and understandingly" waived them.  <u>See</u> <u>id.</u>

A guilty plea is intelligently made only if a criminal defendant

receives "real notice of the true nature of the charge against

him."  <u>Bousley v. United States</u>, 523 U.S. 614, 618 (1998)

(internal quotes and cite omitted).

A guilty plea entered by one fully aware of the direct

consequences of the plea is voluntary "unless induced by threats

(or promises to discontinue improper harassment),

misrepresentation (including unfulfilled or unfulfillable

promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." Brady v. United States, 397 U.S. 742, 755 (1970) (internal quotes and cite omitted).  The only direct consequences relevant to evaluating the voluntariness of a guilty plea are the maximum prison term and fine for the offense charged.  See Parry v. Rosemeyer, 64 F.3d 110, 114 (3d Cir. 1995), cert. denied, 516 U.S. 1058 (1996), superseded by statute on other grounds as stated in Dickerson v. Vaughn, 90 F.3d 87 (3d Cir. 1996).

> Furthermore:
>
> no criminal defendant should plead guilty to a crime unless, and until, he has had explained to him and understands all of his constitutional rights and protections, including the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment, the right to a trial by jury, and the right to confront one's accusers.

Hill v. Beyer, 62 F.3d 474, 480 (3d Cir. 1995); see United States v. Peppers, 302 F.3d 120, 135 (3d Cir. 2002) (stating "to be valid [a defendant's] waiver must be made with apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter"); but see United States v. Thomas, 357 F.3d 357, 364 (3d Cir. 2004) (describing same factors as "illustrative

16

examples of factors that courts might discuss, not a mandatory
checklist of required topics").

Here, Petitioner does not assert a claim of innocence;
rather, he asserts that he agreed to one sentence, but was given
a different sentence.  It is apparent from the record, though,
that Petitioner was informed at his plea hearing in Salem County
that he was subject to five years of parole supervision.  See
Transcript of Plea, p. 4, dated November 17, 2003 (located at
docket entry 9-1, p. 178 of 186 to p. 186 of 186).  Furthermore,
a review of the record does not support any argument that
Petitioner's plea was unknowing and involuntary, this Court finds
that Petitioner's claim is without merit.

## C.    Jail Credits

Petitioner argues that he was not awarded the proper jail
credit at his sentence.  While this Court finds that this is a
state court issue, this Court notes that during the plea
agreement hearing and sentencing, Petitioner asserted that his
431 days of jail credit, which was applied to his Atlantic County
sentence, should also be applied to his Salem County sentence.
It was explained to Petitioner that the credit would only be
applied once.  See Transcript of Plea, dated November 17, 2003
(located at docket entry 9-1, p. 178 of 186 to p. 186 of 186);
Transcript of Sentence, dated January 12, 2004 (located at docket
entry 9-1, p. 169 of 186 to p. 177 of 186).  With regard to

17

commutation and work credits, under state law, the credits will not be deducted from parole ineligible time, but rather awarded after Petitioner has served the mandatory minimum time.  As noted by Respondent: "Parole ineligibility terms are not reduced by any credits, except for jail time served prior to conviction and sentencing, which petitioner received."  (Answer, p. 9).

Thus, Petitioner is not entitled to habeas relief on this claim.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right.  No certificate of appealability shall issue.

### **CONCLUSION**

For the reasons set forth above, the petition will be denied.  An appropriate order follows.

      **s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

Dated:  **January 28, 2011**